UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

F. D. CONSEILLANT,

                                  Plaintiff,

                                                         <u>DECISION AND ORDER</u>

                                                         06-CV-6468L

                      v.

DR. JOHN ALVES,

                                  Defendant.
_____

      Plaintiff, Frantz D. Conseillant, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued John Alves, M.D., a physician employed by DOCS, alleging that Dr. Alves' improper or inadequate treatment of plaintiff in 2003 violated plaintiff's rights under the Eighth Amendment. Defendant has moved for summary judgment.

## DISCUSSION

**I. Eighth Amendment Medical Claims: General Principles**

      To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*,

143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)).  *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

The Supreme Court has explained that the "deliberate indifference" component includes both an objective and a subjective prong.  *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).  With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights.  With respect to the subjective element, the court must consider whether the deprivation was brought about by the defendant in wanton disregard of those rights.  *Id.*  To establish deliberate indifference, then, the plaintiff must prove that the defendant had a culpable state of mind and intended wantonly to inflict pain.  *See id.* at 299; *Anderson v. Burge*, 539 F.Supp.2d 684, 687 (W.D.N.Y. 2008).

The Court in *Estelle* also cautioned that mere negligence is not actionable.  A prisoner's complaint that a medical professional "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.  Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06.  It is clear, then, that allegations of negligence alone do not state a constitutional claim.  *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04.

**II. Application to this Case**

Applying these principles to the case at bar, it is clear that defendant is entitled to judgment as a matter of law. Even applying the generous standards for construing *pro se* pleadings, and drawing all permissible inferences in plaintiff's favor, plaintiff cannot even demonstrate negligence or malpractice on Dr. Alves's part, much less the deliberate indifference–akin to criminal recklessness–that must be shown to establish an Eighth Amendment claim. *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006); *Hathaway*, 99 F.3d at 553.

The gist of plaintiff's claim is that a nurse practitioner misdiagnosed plaintiff as suffering from hepatitis, and that Dr. Alves knew of the misdiagnosis but "allowed [plaintiff] to think [he] had a deadly disease named hepatitus [sic] C viral infection anyway." Complaint at 5. Dr. Alves explains in his declaration, and the medical records show, that in January 2003, plaintiff tested positive for Hepatitis C antibodies, that further tests were performed over the next several months, and that tests later that year and in early 2004 confirmed that plaintiff was negative for the Hepatitis C virus. Dkt. #26 Ex. 2.

Dr. Alves further explains that the January 2003 test result simply indicated that plaintiff's body was producing Hepatitis C antibodies, meaning that he had been exposed to the virus at some time prior to the test. It did not mean that plaintiff was necessarily infected with the Hepatitis C virus at the time of the test. There is no evidence suggesting otherwise.

Based on that test result, Dr. Alves quite appropriately ordered additional testing, which eventually established that plaintiff was negative for the Hepatitis C virus itself. That meant that he

was not infected with the Hepatitis C virus at the time of the test and was not suffering from Hepatitis C.

Based on this undisputed evidence, plaintiff's claim against Dr. Alves fails on a number of levels. First, plaintiff cannot establish that he had a "serious medical need" in the first place. At worst, plaintiff was led to believe that he was suffering from Hepatitis C when in fact he was not. Even assuming that this resulted from a misdiagnosis (though from the record it appears more likely that plaintiff simply misunderstood or misinterpreted what he had been told by medical staff), plaintiff's misapprehension about his true condition does not show that he had any serious medical condition in this regard that urgently required treatment.

Second, plaintiff cannot show that Dr. Alves deliberately ignored any serious medical need, whether real or imagined. Dr. Alves ordered additional testing, which eventually established that plaintiff was not infected with the Hepatitis C virus. Thus, plaintiff cannot establish the subjective prong of an Eighth Amendment claim.

Third, to the extent that anyone misdiagnosed plaintiff, or misinformed him about his condition (although it does not appear that anyone in fact did), Dr. Alves was not personally involved. In any claim under § 1983, the plaintiff must establish the defendant's personal involvement in the alleged constitutional deprivation in order to hold the defendant liable. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). Here, the evidence shows only that Dr. Alves ordered followup testing based on the positive antibody test result, not that he told plaintiff that plaintiff had an active Hepatitis C infection.

Plaintiff also alleges that when he was told of the positive test result in January 2003, he became very depressed, to the point that needed psychological counseling, but that he was denied mental health services. These allegations also fail to state a viable claim against Dr. Alves.

The record shows that plaintiff did receive some mental health services during this period, through DOCS's Central New York Psychiatric Center ("CNYPC"). At some point, however, CNYPC closed out plaintiff's case. There is no evidence that Dr. Alves was involved in any way in the decision to close plaintiff's case, which in any event appears to have been fully justified based on plaintiff's own failure to participate in or follow through with his recommended mental health treatment.

In addition, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." There is no evidence in the record before me even suggesting that plaintiff suffered any physical injury in connection with the events giving rise to this lawsuit. Plaintiff's alleged injuries appear to be wholly limited to mental anguish resulting from his mistaken belief that he was suffering from Hepatitis C. His claim is therefore barred by § 1997e(e).

Finally, I note that on July 30, 2008, plaintiff filed what purports to be an amended complaint in this case. Dkt. #22. Since defendant had already answered the complaint, however, plaintiff could not properly amend the complaint without leave of court. Fed. R. Civ. P. 15(a).

Construing the purported amended complaint as a motion for leave to file an amended complaint, I deny that motion as futile. The proposed amended complaint appears to have nothing

to do with the instant case, and is mostly composed of stream-of-consciousness ramblings that fail to state any cognizable claim against anyone. *See Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006) (denial of leave to amend is proper where amendment would be futile).[1]

**CONCLUSION**

Defendant's motion for summary judgment (Dkt. #24) is granted, and the complaint is dismissed.

Defendant's motion to seal plaintiff's medical records (Dkt. #28) is granted, and the Clerk of the Court is hereby directed to file plaintiff's medical records under seal.

Plaintiff's motion for a default judgment (Dkt. #31) and his motions for appointment of counsel (Dkt. #34 and #35) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 24, 2009.

---

[1] Plaintiff has also moved for a default judgment against defendant based on defendant's failure to respond to the amended complaint. Because the purported amendment of the complaint was improper and ineffective, plaintiff's motion is denied.